UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, DEL RIO DIVISION

| | |
|---|---|
| **KIMBERLY RUBIO, Individually as Wrongful Death Beneficiary and as Representative of the Estate of A.A.R,** *deceased minor,* **et al.,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**DANIEL DEFENSE, LLC, et al.,**<br><br>*Defendants.* | Case No.  2:24-CV-00069-AM<br><br>**OPPOSED MOTION TO CONSOLIDATE FOR THE PURPOSES OF REMAND RULING** |

## OPPOSED MOTION TO CONSOLIDATE
## FOR THE PURPOSES OF REMAND RULING

Plaintiffs respectfully submit this motion to consolidate the following cases for the purposes of deciding the pending motions to remand in each of the respective dockets.  For the reasons outlined below, Plaintiffs believe consolidation for the purposes of remand will serve to simplify the issuance of anticipated rulings and the scheduling of oral arguments, if argument is deemed necessary by the Court.  Of the numerous Uvalde-related actions before this Court, the below cases comprise a distinct set: they were originally filed in Texas state court using substantially identical petitions, they were removed by Defendant Daniel Defense at approximately the same time, and they require the Court to rule on the plaintiffs' motions to remand based on briefing that is substantially identical.[1]

---

[1] Substantive Rule 12 motions have also been fully- or nearly-fully briefed across each listed case. However, since "[j]urisdiction is always first," *Louisiana v. United States Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024), this motion to consolidate is intentionally incremental and addresses only the threshold matter of jurisdiction.

1

As the first-filed case (via removal), Plaintiffs here request that these cases be consolidated under *Rubio et al. v. Daniel Defense, LLC et al.*, 2:24-cv-69-AM.

| Docket No. | Case Name |
|---|---|
| 2:24-cv-69-AM | Rubio et al. v. Daniel Defense, LLC et al. |
| 2:24-cv-70-AM | Gallegos v. Daniel Defense, LLC et al. |
| 2:24-cv-72-AM | Mireles et al. v. Daniel Defense, LLC et al. |
| 2:24-cv-73-AM | Reyes et al. v. Daniel Defense, LLC et al. |
| 2:24-cv-74-AM | Orona et al. v. Daniel Defense, LLC et al. |
| 2:24-cv-76-AM | Camacho et al. v. Daniel Defense, LLC et al. |
| 2:24-cv-77-AM | Gonzalez et al. v. Daniel Defense, LLC et al. |
| 2:24-cv-79-AM | Lopez et al. v. Daniel Defense, LLC et al. |

Plaintiffs' counsel for each of the cases listed above have been consulted prior to the filing of this request and agree to this format for consolidation. Counsel for each of the Defendants have been consulted prior to the filing of this request and oppose the relief requested.

**BACKGROUND**

Undersigned counsel represent one of multiple sets of plaintiffs who have brought claims arising from the May 24, 2022, mass shooting at Robb Elementary School in Uvalde, Texas. Specifically, undersigned counsel represents the families of seventeen children, each between nine and eleven years old, who were shot and killed on May 24, 2022, as well as two children who survived the shooting by hiding among their classmates' bodies while trapped in their classrooms with the Shooter.

Each of the cases identified above was originally filed by the respective plaintiffs in state court—the 38th District Court in Uvalde County, Texas—on or about May 24, 2024. The cases listed above allege causes of action against the gun manufacturer and seller (Daniel Defense), the Uvalde gun store which acted as a transferor for the Shooter and assisted him with preparing his weaponry (Oasis Outback), and the companies that manufactured, marketed, and sold the aftermarket accessories used by the Shooter to carry out his rampage (EOTech, Project Echo, Koucar Management, Firequest, and Flash Co.).

On or about July 1, 2024, Defendant Daniel Defense removed each of these to federal court, citing diversity jurisdiction as the sole basis for removal. *See, e.g.,* ECF No. 1, Notice of Removal, p. 4 ("The basis for removal is diversity jurisdiction.").[2] These cases are currently pending a decision on the Plaintiffs' respective motions to remand. *See* ECF Nos. 11 (Motion to Remand), 44 (Response), and 46 (Reply) (on the *Rubio* docket). If consolidated federally and ultimately remanded to state court, these cases would proceed together back to the 38th District Court in Uvalde County.

## **DISCUSSION**

Rule 42 of the Federal Rules of Civil Procedure provides that when actions involving a common question of law or fact are pending before the Court, the Court may: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other

---

[2] Plaintiffs note that *Rubio* and its related cases are not related to 2:23-cv-14-AM, *Jasmine C., et al. v. Daniel Defense, LLC, et al*. That case was initially filed in federal court by other survivors and bystanders of the shooting. There, Daniel Defense asserted that a *lack* of diversity jurisdiction between the Plaintiffs and Oasis Outback mandated dismissal from federal court. *See* 2:23-cv-14-AM, ECF No. 20 ("[Plaintiffs and defendant Oasis Outback] both are citizens of Texas, and complete diversity of parties does not exist in this case."). The Court agreed, and that case has since been dismissed from federal court. *See id*. at ECF No. 41. In the cases listed here, Daniel Defense alleges there *is* diversity between the Plaintiffs and Oasis Outback, and that the cases should stay in federal court.

orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The purpose of consolidation is to "avoid unnecessary costs or delay." *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1532 (5th Cir.1993). Rule 42(a) contemplates consolidation for discrete segments of the litigation, such as pretrial proceedings. *Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 32 (N.D. Ill. 1980) (citing *Fritsch v. District Council No. 9,* 335 F. Supp. 854, 856 (S.D.N.Y.1971)). In this way, a trial court's managerial power "is especially strong and flexible" when it comes to consolidation. *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). A district court has broad discretionary authority under Rule 42(a) to consolidate cases. *See Frazier*, 980 F.2d at 1532; *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985).

In the Fifth Circuit, "district judges have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." *In re Air Crash Disaster*, 549 F.2d at 1013 (internal quotation marks and citation omitted). In deciding whether to exercise discretion to consolidate, courts consider: "(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *Harris v. Bexar County,* No. SA-08-CV-728-XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009) (quoting *Zolezzi v. Celadon Trucking Services, Inc.*, No. H-08-3508, 2009 WL 736057, at *1 (S.D. Tex. Mar. 16, 2009)). Courts also consider whether the cases are at the same stage of preparation for trial. *Id*.

Here, as to the first factor, each of the listed cases is already pending before this Court and are at the same stage of litigation. They are each pending a decision on remand, an issue which is fully briefed across the cases. As to the second factor, the parties across the cases are common. The plaintiffs are all either surviving family members or survivors themselves who suffered injuries during the shooting. The defendants are identical in each case. On the third factor, the listed cases involve common questions of law and fact. First, all of the cases arose from the same set of tragic facts. Next, as a matter of law, the sole argument for removal in each of the cases is alleged diversity between the Texas plaintiffs and the Texas defendant, Oasis Outback. Each of the cases' plaintiffs filed similar, if not identical, motions to remand and corresponding replies, alleging in sum and substance that complete diversity does not exist and that Daniel Defense does not have a basis for removal. Defendant Daniel Defense filed similar, if not identical, responses to the plaintiffs' motions across each of the dockets.

The fourth factor—risk of prejudice or confusion, and whether such risk is outweighed by inconsistent adjudication—also favors consolidation. A limited consolidation for the purposes of deciding the remand motion *simplifies* redundant issues and works to *reduce* prejudice or confusion across the dockets. This is because each of the cases is already assigned to the same Court and the issue of remand will be considered by the same decisionmaker.[3]

Finally, as to the last factor, consolidation here lends itself to conservation of judicial resources. Undersigned counsel understands that this Court maintains a heavy docket that long predates the Uvalde shooting. However, the cases constitute a distinct set: they were filed in Texas

---

[3] Two other cases arising from the Robb Elementary School shooting were originally filed in state court and removed by Daniel Defense at approximately the same time. The first, *Albarado et al. v. Daniel Defense et al.*, 2:24-cv-68-AM, is pending a motion to remand. The second, *Marin v. Daniel Defense et al.*, 2:24-cv-80-AM, was originally filed in state court and removed to federal court. Undersigned counsel is not in current contact with plaintiffs' counsel in either of those cases.

state court using substantially identical petitions, they were removed together by Defendant Daniel Defense, and they require the Court to determine its subject matter jurisdiction on remand briefing that is substantially identical. Consolidation of these cases for the purposes of remand would work to reduce the number of unique written opinions on this issue and, if argument is designated by the Court on the issue of remand, would also simplify oral argument schedules. Moreover, if the cases are consolidated and the Court subsequently orders them remanded, this would allow the above cases—eight total—to return to Uvalde state court in concert at approximately the same time, rather than piecemeal.

## CONCLUSION

For the reasons outlined above, the Plaintiffs respectfully request consolidation of the above listed cases under Fed. R. Civ. P. 42(a) for the purposes of deciding the motions to remand.

Respectfully Submitted,

**THE PLAINTIFFS**,

By: */s/ Erin Rogiers*
Erin Rogiers, Esq.
TX State Bar No. 24083597
Francisco Guerra IV, Esq.
TX State Bar No. 00796684
Bailey Vannatta, Esq.
TX State Bar No. 24119113
GUERRA LLP
875 East Ashby Place, Suite 1200
San Antonio, TX 78212
Tel: (210) 447-0500
Fax: (210) 447-0501
erogiers@guerrallp.com
fguerra@guerrallp.com
bvannatta@guerrallp.com

By:    */s/ Joshua D. Koskoff*
Joshua D. Koskoff, Esq. (*pro hac vice*)
CT State Bar No. 410518
Alinor C. Sterling, Esq. (*pro hac vice*)
CT State Bar No. 411754
Colin S. Antaya, Esq. (*pro hac vice*)
CT State Bar No. 440953
Margaret Donovan, Esq. (*pro hac vice*)
CT State Bar No. 445982
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
asterling@koskoff.com
jkoskoff@koskoff.com
cantaya@koskoff.com
mdonovan@koskoff.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically served upon all counsel of record through the CM/ECF system on this 13th day of February, 2025.

*/s/ Erin Rogiers*
Erin Rogiers, Esq.

7