IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| KIMBERLY RUBIO, Individually, § <br> and as Wrongful Death Beneficiary and as § <br> Representative of the Estate of A.A.R., § <br> Deceased Minor e al § <br>    *Plaintiffs* § <br> § <br> V. § <br> § <br> DANIEL DEFENSE, LLC; § <br> DANIEL DEFENSE HOLDINGS, LLC; § <br> M.C. DANIEL GROUP, INC.; § <br> FIREQUEST INTERNATIONAL, INC.; § <br> FLASH CO., INC.; § <br> PROJECT ECHO HOLDINGS, LLC d/b/a § <br> AMERICAN HOLOPTICS; § <br> KOUCAR MANAGEMENT, LLC; and § <br> OASIS OUTBACK, LLC § <br>    *Defendants* § | CIVIL ACTION NO. 2:24-CV-00069-AM |

**DANIEL DEFENSE, LLC f/k/a DANIEL DEFENSE, INC.,
DANIEL DEFENSE HOLDINGS, LLC, AND M.C. DANIEL GROUP, INC.'S
RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO CONSOLIDATE FOR THE
PURPOSES OF REMAND RULING**

TO CHIEF UNITED STATES DISTRICT JUDGE ALIA MOSES:

    Now come Daniel Defense, LLC f/k/a Daniel Defense, Inc., Daniel Defense Holdings, LLC, and M.C. Daniel Group, Inc. (collectively here, "Daniel Defense") and file this Response to Plaintiffs' Opposed Motion to Consolidate for the Purposes of Remand Ruling. Daniel Defense respectfully shows as follows.

1

169384

# I.
# INTRODUCTION

Plaintiffs' motion fails for three reasons.  First, the motions to remand and motions to dismiss are mutually dependent.  Because Daniel Defense removed the cases based on the improper joinder of Oasis Outback, the Court's ruling on Oasis Outback's dismissal will be dispositive of Plaintiffs' motions to remand.  Second, Plaintiffs' request is yet another attempt to have the Court consider the motions to remand prior to and separate from the motions to dismiss, an approach the Court previously rejected.  Third, no efficiency is achieved by consolidation for the purpose of motions that have already been fully briefed.

# II.
# THE COURT SHOULD DENY PLAINTIFFS' MOTION TO CONSOLIDATE

### A.     The motions to remand are intertwined with the motions to dismiss.

Consolidation for purposes of only deciding the motions to remand is inappropriate because those motions are inextricably intertwined with the motions to dismiss, specifically as to Oasis Outback.  To decide Plaintiffs' motions to remand, the Court must determine whether Oasis Outback is improperly joined, which, in turn, requires the Court to decide whether Plaintiffs have pleaded any viable claim against Oasis Outback.  They have not.  Consequently, Oasis Outback is improperly joined, and this Court has diversity jurisdiction.  The Court can proceed to the merits of Daniel Defense's motions to dismiss, which should be granted for the reasons that Daniel Defense has fully briefed.

Further, Plaintiffs offer no legal basis for their request.  While Plaintiffs cite cases discussing consolidation generally, they fail to cite any case indicating district courts should consolidate cases purely for the purpose of deciding motions to remand. Doc. 73, p. 3-4.  The Fifth Circuit considered the issue in *In re Excel Corp.* ("*Excel*").  In that case, eight personal injury

cases were removed to federal court. 106 F.3d 1197, 1197 (5th Cir. 1997). The plaintiffs filed a "Motion to Consolidate, Motion to Remand, and for Ruling on the Pending Motions to Remand." *Id.* at 1199. The district court subsequently "issued an order approving the consolidation of the cases for purposes of remand and remanded these cases . . . ." *Id.* at 1200. The defendants filed a petition for writ of mandamus, which the Fifth Circuit granted. *Id.* at 1198. Citing Supreme Court authority, the Fifth Circuit held that the district court abused its discretion by consolidating the cases before ruling on the motions to remand.

> Before Rule 42(a) was adopted, the Supreme Court in *Johnson v. Manhattan Railway Co.,* 289 U.S. at 496–97, 53 S.Ct. at 727–28, held that consolidation "does not merge suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." We have adhered to this instruction after the adoption of Rule 42(a). ***Consequently, the district court abused its discretion by consolidating these suits for purposes of determining the propriety of remand***.

*Id.* at 1201 (citations omitted) (emphasis added).[1]

### B. The Court denied Plaintiffs' previous attempt to prevent it from considering the motion to remand together with the motions to dismiss.

This is not Plaintiffs' first attempt to have the Court rule on the motions to remand without considering the intertwined motions to dismiss. Plaintiffs filed their "Motion to Stay all Fed. R. Civ. P. 12(b)(6) Briefing" on September 3, 2024, days after Daniel Defense filed its motion to dismiss and two months before Plaintiffs' agreed deadline to file their response. *See* Doc. 20 (Plaintiffs' motion to stay); Doc. 19 (Daniel Defense's motion to dismiss); Doc. 10 (parties'

---

[1] District courts in Texas consistently apply *Excel*. *See Waterbridge Tex. Operating, LLC v. Petro Guardian, LLC*, No. 23-CV-00034-DC-DF, 2024 WL 1580199, at *6, n. 2 (W.D. Tex. Apr. 11, 2024), report and recommendation adopted, No. 23-CV-00034-DC, 2024 WL 1994261 (W.D. Tex. May 6, 2024) (citing *Excel* and stating "[b]ecause the Court must determine whether it has subject matter jurisdiction, the Court addresses Plaintiffs' Motion to Remand before ruling on the Motion to Consolidate"); *Mueller Brown Milling Sols., LLC v. Superior Design Sols., LLC*, No. 4:20-CV-00459-O, 2020 WL 9349989, at *2 (N.D. Tex. July 27, 2020) (citing *Excel* and stating "[s]ettled law indicates that the Court must address a motion to remand prior to addressing the consolidation of cases").

3

proposed briefing schedule). Plaintiffs asked the Court to stay all briefing deadlines with respect to the motion to dismiss until after the Court ruled on their motion to remand. Doc. 20, p. 8. The Court denied Plaintiffs' motion on October 8 by text order.

Undaunted, Plaintiffs' motion to consolidate is another attempt to have the Court rule on their motions to remand prior to and without the benefit of considering the related motions to dismiss. Once again, the Court should reject this effort. Deciding Plaintiffs' motions to remand requires determining whether Oasis Outback is improperly joined which, in turn, requires deciding its motions to dismiss.

### C.   Consolidation for purposes of deciding the motions to remand will not conserve resources.

Plaintiffs maintain that consolidating the cases for purposes of deciding the motions to remand is more efficient and will avoid unnecessary costs and delays. Doc. 73, p. 4-6. Not so.

Certainly consolidation can streamline motion practice ***after*** the cases are consolidated. *Cf. Ibarra v. Orica USA, Inc.,* No. DR-09-CV-059-AM/VRG, 2011 WL 13180231, at *16-17 (W.D. Tex. Sept. 21, 2011), *aff'd sub nom.*, 493 Fed. Appx. 489 (5th Cir. 2012) (stating consolidation conserved the resources of the parties, "for example instead of having five motions to dismiss for forum non conveniens . . . there is one"). However, that does not conserve the parties' resources here when both the motions to remand and to dismiss have already been fully briefed.

Plaintiffs argue that consolidating will conserve judicial resources by reducing the number of opinions the Court must issue when ruling on the motions to remand. Doc. 73, p. 6. But as shown in Daniel Defense's response to Plaintiffs' motion to stay, the Court regularly rules on

motions to remand and motions to dismiss simultaneously. Doc. 24, p. 6-7.[2] Plaintiffs' efficiency argument is illusory.

### III.
### CONCLUSION

There is no legal basis for consolidating cases for the purpose of determining fully briefed motions to remand. Plaintiffs' request is just another attempt to have the Court decide the motions to remand without considering the intertwined motions to dismiss, which this Court has already and properly rejected. Likewise, the Court should deny Plaintiffs' present request.

WHEREFORE, Defendants Daniel Defense, LLC f/k/a Daniel Defense, Inc., Daniel Defense Holdings, LLC, and M.C. Daniel Group, Inc respectfully request the Court deny Plaintiffs' Motion to Consolidate for the Purposes of Remand Ruling.

Respectfully submitted,

/s/ David M. Prichard
David M. Prichard
State Bar No. 16317900
E-mail:  dprichard@prichardyoungllp.com

David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@prichardyoungllp.com

PRICHARD YOUNG, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

---

[2] *See e.g., Denman Tire Corp. v. Compania Hulera Tornel, S.A. De C.V.*, No. DR-12-CV-027-AM/VRG, 2014 WL 12564118, at *12 (W.D. Tex. Mar. 31, 2014) ("Tornel's motion to remand is DENIED and Denman's motion to dismiss is GRANTED on 12(b)(6) grounds alone.") (citations omitted); *Ray v. Ronnie Moore Trucking*, No. DR-12-CV-17-AM-VRG, 2012 WL 13032960, at *1 (W.D. Tex. June 26, 2012) ("These motions now are ripe for disposition. For the following reasons, it is recommended that Plaintiff's motion to remand be DENIED and that Defendant's motion to dismiss be GRANTED.") (citations omitted).

169384

*COUNSEL FOR DEFENDANTS,*
*DANIEL DEFENSE, LLC F/K/A*
*DANIEL DEFENSE, INC.,*
*DANIEL DEFENSE HOLDINGS, LLC,*
*AND M.C. DANIEL GROUP, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February 2025, I served the following counsel of record through electronic service as authorized by the Federal Rules of Civil Procedure:

Erin Rogiers
Francisco Guerra, IV
Bailey Vannatta
GUERRA LLP
875 East Ashby Place, Suite 1200
San Antonio, Texas 78212

Joshua D. Koskoff
Alinor C. Sterling
Colin S. Antaya
Katherine Mesner-Hage
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, Connecticut 06604

A.M. "Andy" Landry III
J.J. Hardig, Jr.
GRAY REED
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056

Stephen Barrick
HICKS THOMAS LLP
700 Louisiana Street, Suite 2300
Houston, TX 77002

Thomas W. Fee
Victor A. Rivera
FEE, SMITH & SHARP, L.L.P.
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Daniel P. Buechler

169384

Zandra E. Foley
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, TX 75201

Christopher Renzulli
Scott C. Allan
RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, NY 10601

                                              */s/ David M. Prichard*
                                              David M. Prichard

169384