| | |
|---|---|
| **KIMBERLY RUBIO, Individually as Wrongful Death Beneficiary and as Representative of the Estate of A.A.R,** *deceased minor,* **et al.,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**DANIEL DEFENSE, LLC, et al.,**<br><br>*Defendants.* | Case No. 2:24-CV-00069-AM |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AND NOTICE OF ADDITIONAL SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this filing in response to Defendants' Notice of Supplemental Authority filed on June 18, 2025 (ECF No. 77). This filing additionally includes the plaintiff's own Notice of Supplemental Authority.

### I.  Response to Defendants' Notice of Supplemental Authority

On June 18, 2025, defendant Daniel Defense filed a Notice of Supplemental Authority, ECF No. 77, citing to *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. ___, 2025 WL 1583281 (2025), claiming the case "directly supports the arguments advanced" in their Motion to Dismiss and supporting Reply, ECF Nos. 45 and 69-1, respectively.

*Estados Unidos* does not support Daniel Defense's arguments, directly or indirectly. Rather, *Estados Unidos* confirms that one of Daniel Defense's core arguments against remand should be rejected.

### A.  *Estados Unidos* Does Not Support Daniel Defense's Arguments.

As explained in Daniel Defense's filing, *Estados Unidos* analyzed an aiding and abetting claim in the context of PLCAA's predicate exception. But the issue of aiding and abetting as a

1

predicate exception under PLCAA is not before this Court. As noted in their opposition to Daniel Defense's motion to dismiss, the plaintiffs "recognize that Fifth Circuit precedent would require the Court to dismiss [plaintiffs' aiding and abetting] claims" and "hereby withdraw [plaintiffs' aiding and abetting claims] for purposes of litigation in this Court." Instead, the plaintiffs "reserve[d] the right to pursue these claims in Texas state court if the Court determines it lacks subject matter jurisdiction and remands this case." *See, e.g.*, ECF No. 50-1, p. 45, n.22.[1]

### B. *Estados Unidos* Confirms that One of Daniel Defense's Core Arguments against Remand Should Be Rejected.

*Estados Unidos* actually undermines one of Daniel Defense's core arguments raised in both its Response to Plaintiffs' Motion to Remand, ECF No. 44, and mirrored in Defendant Oasis Outback's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 30. Specifically, Daniel Defense's primary argument for federal removal is that Oasis Outback enjoys PLCAA immunity because it sells "a" qualified product. *See, e.g.,* ECF No. 44, pp. 6-11 (arguing that Congress's use of the "indefinite article '*a*'" (emphasis in original) in PLCAA's definition for a "qualified civil liability action" meant that Congress intended to "provide broad immunity" to any gun seller who might be involved in a gun-related offense, regardless of whether their product was used in the offense or not); *see also* ECF No. 30, pp. 11-13 (arguing that the plaintiffs' claim against Oasis Outback involving its affixing the EOTech optical sight on the Shooter's weapon is barred because Oasis Outback is a seller of qualified products, generally, even though it neither made nor sold the EOTech sight). The plaintiffs, on the other hand, have asserted from the beginning that the immunity attaches only when a gun seller or manufacturer has sold or made "the" qualified product which was involved in the offense at issue.

---

[1] Citations to page numbers refer to the pagination assigned by the ECF system. In instances where the ECF pagination is illegible, page numbers refer to the PDF page number.

The Supreme Court in *Estados Unidos* described PLCAA's immunity using the same common sense understanding as the plaintiffs say applies here. In a unanimous opinion, Justice Kagan plainly described the meaning of the predicate exception immunizing a gun manufacturer from civil liability "for the way a third party has used *the weapon it made*." *Estados Unidos* at *1562 (emphasis added). Even Justice Thomas's concurring opinion, which expresses concern that a gun seller might criminally implicate itself during PLCAA proceedings if it is forced to litigate a predicate exception violation, reveals his understanding that a gun seller's immunity is linked to its own products. *Id*. at *1570. In other words, Justice Thomas would not note that a gun store might have to worry about its criminal liability if the immunity was meant to attach to qualified products it neither made nor sold but were used in a criminal offense.

In sum, Daniel Defense's Notice of Supplemental Authority has no bearing on this case with regards to *Estados Unidos*' analysis of an aiding and abetting-based predicate exception. That issue is not before this Court. To the extent this Court finds *Estados Unidos* relevant at all, it should be because all nine justices on the United States Supreme Court confirmed the obvious: that PLCAA immunity for a gun seller or manufacturer is tied to *their* product, not *any* product.

The plaintiffs' claims against Oasis Outback as to the EOTech sight and Daniel Defense DDM4v7 rifle—neither of which were made or sold by Oasis Outback—are not precluded by PLCAA as to Oasis Outback. Thus, the plaintiffs can proceed on their claims originally filed in state court against this in-state defendant. The Court should reiterate its prior position that it does not have subject matter jurisdiction over this case, *see* 2:23-cv-14-AM, *Jasmine C., et al. v. Daniel Defense, LLC, et al.* (where this Court properly determined it did not have subject-matter jurisdiction due to lack of diversity, notwithstanding Oasis Outback's assertion of PLCAA immunity), and remand the case to state court.

II.     **<u>Plaintiffs' Notice of Supplemental Authority</u>**

The plaintiffs also wish to bring to this Court's attention orders entered by the Nineteenth Judicial Circuit Court of Lake County, Illinois, on April 1, 2025, in *Roberts et al. v. Smith & Wesson Brands, Inc. et al.*, No. 22 LA 00000487—twenty-five consolidated cases brought by victims of the mass shooting that occurred at a parade on July 4, 2022, in Highland Park, Illinois.

As in this case, the Highland Park Shooter purchased a weapon online from an out-of-state seller and had it delivered to an in-state seller. The case was brought by in-state plaintiffs against an in-state gun store, as well as out-of-state gun sellers and manufacturers. The case was decided entirely within the state court's jurisdiction.[2]

Defendants in the cases include the company that manufactured and marketed the AR-15 rifle used in the shooting (Smith & Wesson) and the distributor and the local gun store that sold and transferred, respectively, the rifle to the shooter (BudsGunShop.com and Red Dot Arms). The court denied in part and granted in part the motion to dismiss filed by Smith & Wesson (the "Smith & Wesson Order," attached hereto as Exhibit A). The court denied in full the motions to dismiss filed by the distributor and gun store (the "Gun Store Order," attached hereto as Exhibit B).[3]

---

[2] Smith & Wesson attempted removal and that attempt was rejected. *See Roberts v. Smith & Wesson Brands, Inc.*, 98 F.4th 810, 816 (7th Cir. 2024). Moreover, the company's attempt to remove was not based on diversity jurisdiction, which is Daniel Defense's sole argument for removal here. *Id*. at 814.

[3] The defendants in *Roberts* have since sought certification of certain questions for interlocutory review. The trial court granted a limited number of these requests and the defendants have until July 7, 2025 to apply for appellate review of the certified questions.

The Illinois court addressed—and rejected—many of the same arguments raised in the motion to remand and motions to dismiss filed by the defendants in this case, including the following:

- The Illinois court held that a local ordinance that made it illegal to "sell, offer or display for sale, give, lend, transfer ownership of, acquire or possess any assault weapon" was a statute "applicable to the sale or marketing of firearms," for purposes of PLCAA's predicate exception. *See* Ex. B, Gun Store Order at 3, 9-10.  Here, out-of-state companies violated state laws about the sale of firearms.  The Illinois court's holding supports the plaintiffs' argument that the Texas offer-to-sell statute, Tex. Penal Code § 46.06(a)(2), is a predicate statute for PLCAA's predicate exception. *See* ECF No. 63, Pls' Resp. to Daniel Defense MTD at 36-38.

- The Illinois court held that Smith & Wesson's marketing of its AR-15s for violent assaults, including through imagery mimicking first-person shooter games, created a foreseeable risk of injury and was a proximate cause of the Highland Park mass shooting because the complaint alleged (on information and belief) that the shooter was "exposed" to and "influenced" by the marketing, and because the complaint alleged "corroborating facts," including that the shooter was an avid player of Call of Duty, he spent a disproportionate amount of time on social media (where Smith & Wesson heavily marketed), and Smith & Wesson targeted its advertising to disturbed young men by employing themes that it knew would be disproportionately attractive to them. *See* Ex. A, Smith & Wesson Order at 8-9, 12.  This holding supports the plaintiffs' arguments here that Daniel Defense's course of conduct in marketing of the DDM4v7 for criminal assaults, culminating in repeated and illegal offers to sell that weapon to the Shooter,

created a foreseeable risk of harm and was a proximate cause of the plaintiffs' damages. *See* ECF No. 63, Pls' Resp. to Daniel Defense MTD at 32-36. This holding also supports the plaintiffs' argument that marketing by the EOTech defendants and Firequest defendants of their products for violent and criminal purposes also created a foreseeable risk of injury and was a proximate cause of the plaintiffs' damages. *See* ECF No. 57-1, Pls' Resp. to EOTech MTD at 15-19; ECF No. 59, Pls' Resp. to Firequest MTD at 8-15.

- The Illinois court rejected a First Amendment challenge brought by Smith & Wesson. *See* Ex. A, Smith & Wesson Order at 30. The court found that advertisements that allegedly encouraged the illegal use of a firearm "for a military-related purpose" "clearly" failed the first—and dispositive—prong of the test set forth in *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557 (1980), which provides no protection for speech that "promotes illegal activity." *Id*. at 26-27.   This holding supports the plaintiffs' argument that Daniel Defense's marketing of its firearms for criminal assaults and illegal conduct, and then illegally offering to sell a firearm to the Shooter, receives no First Amendment protection. *See* ECF No. 63, Pls' Resp. to Daniel Defense MTD at 44-57.

- The Illinois court held that the distributor and gun store owed a duty of care to those injured or killed in the shooting because their conduct in selling and transferring the rifle to the shooter under the circumstances created an unreasonable and foreseeable risk of injury. *See* Ex. B, Gun Store Order at 6.  The court rejected the argument that a "special relationship" was required or that the plaintiffs were seeking to impose a duty to control the shooter.  The court explained that the plaintiffs were instead holding the distributor and store liable for "affirmatively acting in a manner that unreasonably exacerbated a risk

of harm." *Id.* at 7. This supports the plaintiffs' argument that Oasis owed a duty not to create or increase a risk of harm through its own conduct. *See* ECF No. 8-1, Pls' Mtn. to Remand at 24-27; ECF No. 42-1, Pls' Reply ISO Remand at 4-8; ECF No. 64, Pls' Resp. to Oasis MTD at 10-18. For the same reasons, the Illinois court's holding supports the plaintiffs' arguments defining EOTech and Firequests' duty. *See* ECF No. 57-1, Pls' Resp. to EOTech MTD at 10-15; ECF No. 59, Pls' Resp. to Firequest MTD at 8-14. Moreover, The Illinois court held that the distributor's and gun store's conduct in supplying the rifle to the shooter under the circumstances satisfied PLCAA's negligent entrustment exception, and that conduct was a proximate cause of the plaintiffs' damages. *See* Ex. B, Gun Store Order at 7-8, 11-13. This supports the plaintiffs' arguments that Oasis' conduct in transferring the DDM4v7 to the Shooter falls withing PLCAA's negligent entrustment exception. *See* ECF No. 64, Pls' Resp. to Oasis MTD at 20-24; ECF No. 8-1, Pls' Mtn. to Remand at 21-24; ECF No. 42-1, Pls' Reply ISO Remand at 6-7.

- The Illinois court ruled that the Illinois Consumer Fraud Act ("ICFA") – a state analogue to the Federal Trade Commission Act – qualifies as a predicate statute under PLCAA. *See* Ex. A, Smith & Wesson Order at 20-22. This holding supports the plaintiffs' arguments that Daniel Defense's marketing of its firearms for criminal assaults violated the Federal Trade Commission Act and that this constitutes an additional predicate violation. *See* ECF No. 63, Pls' Resp. to Daniel Defense MTD at 38-39.

In sum, the plaintiffs respectfully submit this filing to clarify the relevance of *Estados Unidos* and to direct the Court to recent authority arising from a state court jurisdiction, which is exactly where this case properly belongs.

Respectfully Submitted,

**THE PLAINTIFFS**,

By: */s/ Erin Rogiers*
Erin Rogiers, Esq.
TX State Bar No. 24083597
Francisco Guerra IV, Esq.
TX State Bar No. 00796684
Bailey Vannatta, Esq.
TX State Bar No. 24119113
GUERRA LLP
875 East Ashby Place, Suite 1200
San Antonio, TX 78212
Tel: (210) 447-0500
Fax: (210) 447-0501
erogiers@guerrallp.com
fguerra@guerrallp.com
bvannatta@guerrallp.com

By: */s/ Joshua D. Koskoff*
Joshua D. Koskoff, Esq. (*pro hac vice*)
CT State Bar No. 410518
Alinor C. Sterling, Esq. (*pro hac vice*)
CT State Bar No. 411754
Colin S. Antaya, Esq. (*pro hac vice*)
CT State Bar No. 440953
Margaret Donovan, Esq. (*pro hac vice*)
CT State Bar No. 445982
KOSKOFF, KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
asterling@koskoff.com
jkoskoff@koskoff.com
cantaya@koskoff.com
mdononan@koskoff.com

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I served the following counsel of record using the court's CM/ECF system, which will provide a notice of electronic filing to all counsel of record:

David M. Prichard
David R. Montpas
PRICHARD YOUNG, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216

J. Stephen Barrick
John B. Thomas
HICKS THOMAS LLP
700 Louisiana, Suite 2300
Houston, Texas 77002

Thomas W. Fee
Victor A. Rivera
FEE, SMITH & SHARP, L.L.P.
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240

Andre M. Landry, III
J.J. Hardig, Jr.
GRAY REED
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056

Daniel Paul Buechler
THOMSPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street – 25th Floor
Dallas, Texas 75201

                                                                      */s/ Erin Rogiers*
                                                                      Erin Rogiers, Esq.