IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| KIMBERLY RUBIO, Individually, <br> and as Wrongful Death Beneficiary and as <br> Representative of the Estate of A.A.R., <br> Deceased Minor, et al <br>     *Plaintiffs* <br><br> V. <br><br> DANIEL DEFENSE, LLC; <br> DANIEL DEFENSE HOLDINGS, LLC; <br> M.C. DANIEL GROUP, INC.; <br> FIREQUEST INTERNATIONAL, INC.; <br> FLASH CO., INC.; <br> PROJECT ECHO HOLDINGS, LLC d/b/a <br> AMERICAN HOLOPTICS; <br> KOUCAR MANAGEMENT, LLC; and <br> OASIS OUTBACK, LLC <br>     *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br><br> CIVIL ACTION NO. 2:24-CV-00069-AM |

**DANIEL DEFENSE'S RESPONSE
TO PLAINITFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

TO CHIEF UNITED STATES DISTRICT JUDGE ALIA MOSES:

    Now come Defendants Daniel Defense, LLC, Daniel Defense Holdings, LLC, and M.C. Daniel Group, Inc. (collectively, "Daniel Defense") and file this Response to Plaintiffs' Notice of Supplemental Authority (Doc. 79). Plaintiffs direct the Court to an April 1, 2025, Illinois state trial court order in *Roberts et al. v. Smith & Wesson Brands, Inc. et al.,* No. 22 LA 00000487, 19th Judicial Circuit Court, Lake County, Illinois ("*Roberts*")[1] as support for their response to Daniel Defense's motion to dismiss. *Roberts* is inapplicable for multiple reasons.

    First, Plaintiffs argue that *Roberts* supports their argument that Section 46.06(a)(2) of the Texas Penal Code qualifies as a predicate statute under the PLCAA. Doc. 79 at 5. This is false.

---

[1] *See* Doc. 79-1 (*Roberts* Order).

1

170295

The Illinois court did not consider whether any criminal statute comparable to Section 46.06(a)(2) qualified as a predicate statute. Section 46.06(a)(2) cannot serve as a predicate statute under the PLCAA because its federal counterpart is explicitly excluded from the defined qualifying statutes cited in the PLCAA's predicate exception. Doc. 45 at 21-23.

Second, Plaintiffs maintain the court in *Roberts* "held that Smith & Wesson's marketing of its AR-15 for violent assaults, including through imagery mimicking first-person shooter games, created a foreseeable risk of injury and was a proximate cause of the Highland Park mass shooting . . . ." Doc. 79 at 5. Plaintiffs contend this "holding" supports their arguments that Daniel Defense's marketing created a foreseeable risk of harm and was a proximate cause of their damages. *Id.* at 5-6. Plaintiffs' assertion is false. The court in *Roberts* did not hold that the manufacturer's marketing created a foreseeable risk of injury and was the proximate cause of the shooting. The court considered the sufficiency of the pleadings on a motion to dismiss; not the merits of the claim. *See Roberts* Order at 33 (denying motion to dismiss without prejudice). Specifically, the manufacturer argued the plaintiffs did not allege that the shooter saw any of its advertisements, precluding them from establishing cause-in-fact. *Id.* at 8. The court was merely considering the sufficiency of the pleadings not deciding the claims. Moreover, the court's holding is of no moment here because Daniel Defense does not argue Plaintiffs' claims should be dismissed because they failed to sufficiently allege the Assailant saw any of Daniel Defense's marketing materials. Plaintiffs fail to state cognizable claims against Daniel Defense regardless of their allegation that the Assailant saw its marketing materials. *See* Daniel Defense's Motion to Dismiss, Doc. 45, p. 27, n. 14 (noting, for example, cases holding intentional criminal acts are not a foreseeable result of improperly supplying products to others, including minors).

170295

Third, with regard to the First Amendment claim, the *Roberts* court construed it as a ***facial*** constitutional challenge to an Illinois statute that specifically prohibited "unlawful paramilitary or private militia in Illinois or unauthorized individuals . . . to use a firearm-related product for a military-related purpose in Illinois." *See* ILL. STAT., ch. 815, § 505/2DDDD. The court circumscribed its evaluation to whether the statute—which on its face was limited to speech promoting unlawful activity—was a constitutional regulation of commercial speech. *Roberts* Order at 25 and 30. This is markedly different than the First Amendment arguments Daniel Defense asserts here. Most important, Daniel Defense does not assert a facial challenge to any statute. Rather, Daniel Defense contends that Plaintiffs' Speech Claims violate the First Amendment *as applied*. *See, e.g.*, Doc. 45 at 39-40. Stated differently, a statute that regulates commercial speech generally may be constitutional on its face, but still unconstitutional as applied to particular speech. *See id*. Because the Illinois court analyzed the defendants' First Amendment arguments under the facial challenge framework, it merely concluded that the statute on its face restricts commercial speech, and that the statute was facially constitutional under the commercial speech standard. *See Roberts* Order at 26 (stating that the statute generally "restricts advertising and marketing by firearm manufacturers and sellers" and broadly concluding that the "definition of commercial speech" was met). But the Court did not make any finding about the application of the statute to the defendants' speech at issue. Further, assuming the court correctly applied the commercial-speech standard (which Daniel Defense contends was improper under well-established First Amendment standards), here, Daniel Defense's speech encompasses a significant amount of lawful, protected speech. *Compare* Doc. 45 at 38-39, *with Jr. Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1118–20 (9th Cir. 2023).

Moreover, the *Roberts* court did not consider whether, in view of the complaint's allegations, the proper First Amendment standard was the incitement doctrine or the standard for content-based discrimination, rather than the commercial-speech doctrine. Daniel Defense contends that both the incitement doctrine and the standard for content-based discrimination apply here, and that Plaintiffs' claims are barred irrespective of whether the underlying speech is considered commercial. *See* Doc. 45 at 28–40; *see also Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 246 (6th Cir. 2015) (requiring that speech can only be prohibited if it encourages the imminent use of violence or lawless action, and that action is the likely result of the speech); *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 580 (2001) (Thomas, J., concurring) (noting that the usual rule for solicitation and incitement should apply to commercial speech). To the extent the Illinois court rejected Smith & Wesson's arguments that the Illinois statute was content-based, it did so without any analysis based on the assumption that the commercial speech standard applied, which led the court to conclude that the statute was constitutional on its face because it regulated only speech that "proposes an illegal transaction or that promotes or encourages an illegal activity." *Roberts* Order at 29. Respectfully, the Illinois court misapprehended the applicable First Amendment standards. As Daniel Defense has explained, the commercial-speech doctrine applies only when the regulation of speech at issue is germane to the commercial purpose of the speech. *See* Doc. 45 at 37; *see also 44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 501 (1996) ("[W]hen a State entirely prohibits the dissemination of truthful, nonmisleading commercial messages for reasons unrelated to the preservation of a fair bargaining process, there is far less reason to depart from the rigorous review that the First Amendment generally demands.") (plurality opinion). Here, Plaintiffs' allegations specifically target Daniel Defense's lawful, pro-Second Amendment messaging rather than any commercial characteristics of the speech. Doc. 45

at 40–43.  The messages have nothing to do with a *commercial* representation, such as price or quantity, nor do they plausibly inflict any *commercial* harms.  *See 44 Liquormart*, 517 U.S. at 501–02.

Fourth, Plaintiffs argue *Roberts* supports their argument that Oasis Outback owed a duty not to increase the risk of harm through its own conduct and satisfies the PLCAA's negligent entrustment exception.  Doc. 79 at 6-7.  This is false.  Whether Oasis Outback's immunity is waived under the negligent entrustment exception is governed exclusively by Texas law which unequivocally holds that a seller, like Oasis Outback, cannot be liable for negligent entrustment in connection with the sale of a product.  Doc. 44 at 16-20.

Finally, Plaintiffs contend *Roberts* found that the Illinois Consumer Fraud Act ("ICFA"– ILL. STAT., ch. 815, § 505/2 *et seq*.) qualified as a predicate statute under PLCAA and, because it is a supposed state analogue to the FTCA, then the federal statute also qualifies as a predicate statute.  Doc. 79 at 7.  Plaintiffs' contention fails.  First, the *Roberts* court never considered the FTCA.  Second, that court found the ICFA was a predicate statute—*i.e.*, "applicable to the sale or marketing" of firearms —because, unlike the FTCA, it *expressly applies* to the sale and marketing of firearms.  *See* ILL. STAT., ch. 815, § 505/2DDDD ("Sale and Marketing of Firearms"); *id.*, § 505/2DDDD(b) (stating that violation of Section 505/2DDDD is a violation of ICFA).[2]  Third, *Roberts* relied on the majority's deeply flawed reasoning in *Soto v. Bushmaster Firearms, Int'l, LLC*, 202 A.3d 262, 272 (Conn. 2019) in concluding the ICFA qualified as a predicate statute.  *Compare Roberts* Order at 21-22 *with* S. *Torres*, No. 2:22-cv-00059-AM, Doc. 143 at 3-7

---

[2] Plaintiffs have never cited any federal law specific to the sale or marketing of firearms which also provides that a violation of that statute also constitutes a violation of the FTCA.

170295

(explaining flaws in *Soto* majority's analysis). *Roberts* does not demonstrate that the FTCA qualifies as a predicate statute.

The reasoning in *Roberts* simply does not apply here.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
E-mail: dprichard@pomllp.com
David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@pomllp.com
PRICHARD OLIVER MONTPAS LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

***COUNSEL FOR DEFENDANTS,
DANIEL DEFENSE, LLC F/K/A
DANIEL DEFENSE, INC.,
DANIEL DEFENSE HOLDINGS, LLC,
AND M.C. DANIEL GROUP, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July 2025, I electronically served all counsel of record through the court's CM/ECF system authorized by the Federal Rules of Civil Procedure.

*/s/ David M. Prichard*
David M. Prichard

170295